RE: NEPOTISM OR CONFLICT STATUTES APPLICABLE TO MUNICIPAL HOUSING AUTHORITIES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION PERTAINING TO STATUTES THAT MAY APPLY TO A CERTAIN SCENARIO INVOLVING THE APPOINTMENT PROCESS OF COMMISSIONERS OF A MUNICIPAL HOUSING AUTHORITY. SPECIFICALLY, YOU INQUIRE AS TO THE PROPRIETY OF A MEMBER OF A MUNICIPAL CITY COUNCIL VOTING UPON SUCH AN APPOINTMENT WHERE THE PROSPECTIVE APPOINTEE IS THE SPOUSE OF THE COUNCIL MEMBER. OUR RESEARCH INTO THIS QUESTION HAS INDICATED THAT THE TRUE ANSWER IS ULTIMATELY DETERMINABLE ONLY UPON THE REVIEW OF THE CITY CHARTER OF THE CITY IN QUESTION, AS THE MUNICIPALITY IN QUESTION IS GOVERNED BY SUCH AN ORGANIC DOCUMENT. ACCORDINGLY, THE ATTORNEY GENERAL HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMAL LETTER, IN HOPES THAT THE INFORMATION MAY BE OF SOME ASSISTANCE TO YOU.
MUNICIPAL HOUSING AUTHORITIES ARE GOVERNED GENERALLY BY THE "OKLAHOMA HOUSING AUTHORITIES ACT," 63 O.S. 1051, ET SEQ., AS AMENDED. SECTION 1055 OF THE ACT MANDATES THAT AN AUTHORITY BE ESTABLISHED IN EACH CITY IN THE STATE, THAT EACH SUCH AUTHORITY IS A BODY CORPORATE AND POLITIC, "AND THAT NO POWERS OF ANY GIVEN AUTHORITY MAY BE EXERCISED BEFORE THE MUNICIPAL GOVERNING BOARD FORMALLY DECREES THE NEED FOR THE ACTUAL OPERATION OF AN AUTHORITY IN THE CITY. ONCE PROPERLY AUTHORIZED BY THE MUNICIPALITY TO CONDUCT BUSINESS, THE AUTHORITY IS ADMINISTERED BY A FIVE-PERSON BOARD OF COMMISSIONERS, THE MEMBERS OF WHICH ARE APPOINTED TO THEIR RESPECTIVE POSITIONS BY THE MAYOR OF THE CITY, WITH THE ADVICE AND CONSENT OF THE GOVERNING BODY. 63 O.S. 1058(A)(1)(1987).
SUCH COMMISSIONERS SERVE IN THEIR POSITIONS FOR TERMS OF THREE YEARS AND RECEIVE NO COMPENSATION FOR ACTING IN SUCH CAPACITIES. 63 O.S. 1058(A)(2),(B). SECTION 1058(C) FURTHER PROVIDES, "THE POWERS OF EACH AUTHORITY SHALL BE VESTED IN THE COMMISSIONERS THEREOF IN OFFICE FROM TIME TO TIME." A FULL READING OF SECTIONS 63 O.S. 1058/63 O.S. 1059 AND 63 O.S. 1061 CLEARLY INDICATES THAT EACH AUTHORITY IS INVESTED WITH SEPARATE POWERS FROM THOSE ACCORDED THE CITY SPONSORING THE AUTHORITY AND IS DIRECTLY OVERSEEN BY ITS RESPECTIVE BOARD OF COMMISSIONERS, WHO IN TURN, HAVE THE ABILITY TO DELEGATE THEIR POWERS TO AGENTS OR EMPLOYEES AS DEEMED SUITABLE. EACH AUTHORITY HAS THE POWER TO SUE AND BE SUED, TO HAVE PERPETUAL SUCCESSION, AND TO CONTRACT IN THE NAME OF THE AUTHORITY. ID.
THAT IS NOT TO SAY, HOWEVER, THAT THE MUNICIPAL GOVERNING BOARD LOSES ALL OVERSIGHT CONTROL AFTER THE AUTHORITY IS AUTHORIZED TO CONDUCT BUSINESS. TO THE CONTRARY, SECTION 63 O.S. 1060 SPECIFICALLY PROVIDES THAT COMMISSIONERS OF A HOUSING AUTHORITY MAY BE REMOVED FROM OFFICE BY THE MUNICIPAL GOVERNING BODY IN INSTANCES OF INEFFICIENCY, NEGLECT OF DUTY OR MISCONDUCT IN OFFICE, OR ALLOWING ANY PORTION OF ANY PROJECT TO BECOME DILAPIDATED, UNSANITARY OR UNKEMPT."
WITH SPECIFIC REFERENCE TO YOUR INQUIRIES, YOU ASK WHETHER A MEMBER OF THE LOCAL MUNICIPAL GOVERNING BOARD MAY VALIDLY PLACE INTO NOMINATION AND/OR VOTE UPON THE APPOINTMENT OF A MEMBER OF THE LOCAL HOUSING AUTHORITY BOARD OF COMMISSIONERS, IF THE PROSPECTIVE APPOINTEE IS THE SPOUSE OF THE MUNICIPAL OFFICER. YOU HIGHLIGHT THE TERMS OF 11 O.S. 8-106 AND 11 O.S. 8-113 (1987) IN YOUR LETTER. 11 O.S. 8-106 PROVIDES:
 "NO ELECTED OR APPOINTED OFFICIAL OR OTHER AUTHORITY OF THE MUNICIPAL GOVERNMENT SHALL APPOINT OR ELECT ANY PERSON RELATED BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE TO ANY GOVERNING BODY MEMBER OR TO HIMSELF OR, IN THE CASE OF A PLURAL AUTHORITY, TO ANY ONE OF ITS MEMBERS TO ANY OFFICE OR POSITION OF PROFIT IN THE MUNICIPAL GOVERNMENT. THE PROVISIONS OF THIS SECTION SHALL NOT PROHIBIT AN OFFICER OR EMPLOYEE ALREADY IN THE SERVICE OF THE MUNICIPALITY FROM CONTINUING IN SUCH SERVICE OR FROM PROMOTION THEREIN. A PERSON MAY HOLD MORE THAN ONE OFFICE OR POSITION IN A MUNICIPAL GOVERNMENT AS THE GOVERNING BODY MAY ORDAIN. A MEMBER OF THE GOVERNING BODY SHALL NOT RECEIVE COMPENSATION FOR SERVICE IN ANY MUNICIPAL OFFICE OR POSITION OTHER THAN HIS ELECTED OFFICE."
(EMPHASIS ADDED)
THIS SECTION OF STATE LAW HAS NO APPLICATION TO THE APPOINTMENT PROCESS OF A HOUSING AUTHORITY COMMISSIONER AS SUCH A POSITION IS NOT A MUNICIPAL POSITION. SEE, E.Q., BOARDMAN V. OKLAHOMA CITY HOUSING AUTHORITY, 445 P.2D 412 (OKLA. 1968); ATTORNEY GENERAL OPINION NO. 79-303. WHILE IT IS CERTAINLY ARGUABLE ALSO THAT THE TYPE OF POSITION IN QUESTION IS NOT A POSITION OF PROFIT, THE ATTORNEY GENERAL HAS PREVIOUSLY ADVISED THAT NON-SALARIED OFFICES ARE COVERED WITHIN THE TERMS OF SECTION 8-106. SEE, ATTORNEY GENERAL OPINION NO. 83-176.
YOU ALSO INQUIRE AS TO THE APPLICABILITY OF SECTION 11 O.S. 8-113 OF TITLE 11. THIS PROVISION GENERALLY FORBIDS MUNICIPAL OFFICERS OR EMPLOYEES, AND THEIR SPOUSES, FROM ENGAGING IN NUMEROUS TYPES OF FINANCIAL TRANSACTIONS WITH THE CITY WITH WHOM THEY ARE AFFILIATED, OR FROM BECOMING INTERESTED IN THE TRANSFER OF ANY SURPLUS PROPERTY OF THE MUNICIPALITY OR A PUBLIC TRUST WITH THE MUNICIPALITY AS A BENEFICIARY, EXCEPT IN CASES WHERE THERE HAS BEEN A PUBLIC OFFERING FOR SALE BEFORE SUCH TRANSACTION. THIS PROVISION WOULD ALSO APPEAR NOT TO HAVE ANY RELEVANCE TO THE SCENARIO YOU PRESENT, AT LEAST WITHOUT SOME SPECIFIC FACTUAL CIRCUMSTANCES BEING PRESENT THAT I AM NOT AWARE OF.
INDEED, WITHOUT A SPECIFIC SET OF FACTUAL CIRCUMSTANCES FRAMING THE PRECISE NATURE OF ANY PARTICULAR TYPE OF CONFLICT THAT MIGHT BE PRESENT, IT IS IMPOSSIBLE TO ESTABLISH ANY REALLY DEFINITIVE REVIEW OF POTENTIALLY APPLICABLE LAWS. IF IT COULD BE ESTABLISHED THAT A PARTICULAR APPOINTMENT WAS BEING MADE OUT OF SOME ULTERIOR MOTIVE, THAN IT IS THEORETICALLY CONCEIVABLE THAT ONE OR MORE OF THE STATE'S MANY LAWS PROHIBITING CONFLICTS OF INTEREST MIGHT COME INTO PLAY. BUT SUCH CONJECTURE IS NOT MUCH MORE THAN SPECULATION WITHOUT A SET FACTUAL FRAMEWORK.
IN THIS SAME CONTEXT, IT MUST ALSO ALWAYS BE REMEMBERED THAT IF THE CITY IN QUESTION IS A CITY GOVERNED BY A MUNICIPAL CHARTER, AS IS THE CASE IN THE INSTANCE BRINGING RISE TO YOUR QUESTIONS, THAT CHARTER BECOMES THE CONTROLLING DOCUMENT AS TO MATTERS OF PURE MUNICIPAL CONCERN. 11 O.S. 1-102(1). THE PARTICULAR CHARTER PROVISIONS WOULD HAVE TO BE REVIEWED AS TO THEIR BREADTH TO DETERMINE IF ANY PROVISION WOULD BE APPLICABLE, AND THIS OFFICE IS FORBIDDEN BY STATE LAW TO REVIEW INDIVIDUAL DOCUMENTS FOR THE PURPOSE OF ISSUING ANY FORMAL OPINION AS TO THEIR RELEVANCE AND MEANING IN A PARTICULAR CASE. FOR EXAMPLE, GENERAL STATE LAW FORBIDS ANY PUBLIC OFFICER FROM APPOINTING OR VOTING FOR THE APPOINTMENT OF PERSONS RELATED TO THEM WITHIN THE THIRD DEGREE OF AFFINITY OR CONSANGUINITY TO ANY SALARIED POSITION IN GOVERNMENT. 21 O.S. 481 (1981). HOWEVER, IT HAS BEEN ADVISED BY THE ATTORNEY GENERAL IN OPINION NO. 83-176 THAT THESE PROVISIONS ONLY APPLY TO COMPENSATED POSITIONS. AN INDIVIDUAL CITY CHARTER MIGHT WELL BE ABLE TO FURTHER RESTRICT THIS TYPE OF NEPOTISM CONTROL EVEN FURTHER AND WOULD AT LEAST HAVE TO BE EXAMINED IN ORDER TO REPLY TO YOUR QUESTION, IF ONLY TO BE DISCARDED AS NOT RELEVANT.
IN CONCLUSION, IT MY PROFESSIONAL OPINION THAT NEITHER OF THE STATUTES THAT YOU HAVE HIGHLIGHTED IN YOUR LETTER APPEAR TO APPLY TO A SITUATION WHERE A CHARTER MUNICIPALITY'S GOVERNING BOARD SEEKS TO APPROVE THE APPOINTMENT OF A SPOUSE OF ONE OF ITS MEMBERS TO A MUNICIPAL HOUSING AUTHORITY BOARD OF COMMISSIONERS, AS SUCH OFFICES ARE TECHNICALLY NOT MUNICIPAL OFFICES. ADDITIONALLY, ANY REVIEW OF THE PROPRIETY OF ANY ACTION TAKEN BY AN OFFICER OF A CHARTER MUNICIPALITY MUST TAKE INTO ACCOUNT THE PROVISIONS OF THE CHARTER, WHICH TYPE OF REVIEW IS BEYOND THE SCOPE OF THIS LETTER. I HOPE THAT THIS INFORMATION IS OF SOME ASSISTANCE TO YOU. PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE IF YOU DESIRE FURTHER INFORMATION.
(MICHAEL SCOTT FERN)